Stuart S. **KENNEDY**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 16S00–9208–DP–651.

Supreme Court of Indiana.

Dec. 13, 1994.

ON PETITION FOR REHEARING

SHEPARD, Chief Justice, dissenting from denial of rehearing.

Stuart Kennedy kidnapped Michelle Seagraves from the parking lot of her apartment complex in Columbus, Ohio, because he and Donald Jackson wanted to use her car for the bank robbery they planned to commit in Moores Hill, Indiana.

Kennedy and Jackson later killed Michelle Seagraves. A pathologist testified that Seagraves had been hit in the head with a blunt instrument, strangled with a flat black strap which was still around her neck at the time of the autopsy, and shot in the back of the neck with the bullet exiting just above her left eye. Death was caused by a combination of the strangulation and the gunshot wound.

This Court has now set aside the death penalty imposed on Kennedy and Jackson, who murdered a completely innocent stranger just to steal her car and keep her from being a witness. One of our best trial judges, the Hon. John A. Westhafer, Jr., presided over this lengthy trial and heard more than thirty witnesses during the death penalty phase alone. Having heard all that evidence and considered twice what sentence would be just, he concluded that the jury's recommendation against the death penalty was unreasonable, saying: "If any murder warrants the imposition of the death penalty, this case is surely it."

I agree with Judge Westhafer, and I would affirm his judgment.

GIVAN, J., joins in this dissent.

DeBRULER, DICKSON and SULLIVAN, JJ., vote to deny rehearing.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion on a petition for rehearing in this case. I stand on the dissenting opinions written by Chief Justice Shepard and myself to Justice Krahulik's original opinion.

I would further observe that the opinion on petition for rehearing is in error when it states that a trial judge may not override a jury's recommendation of no death penalty "notwithstanding the judge's own determination to the contrary." It is my belief that when the legislature enacted the statute permitting the judge to override the jury verdict that the death penalty should not be invoked, it should be obvious they intended the trial judge to engage in independent evaluation of the evidence. If that evaluation led him to believe the jury's recommendation was not

supported by the evidence, it was within his discretion to invoke the death penalty.

The majority opinion virtually has foreclosed any judicial override of a jury's recommendation to not invoke the death penalty. I believe this to be an improper violation of the legislature's prerogative and an obvious attempt at judicial legislation. As such, I believe it violates the separation of powers provision in our constitution.

I would grant the petition for rehearing and uphold the trial judge's decision.